### KEAN et al. v. NATIONAL CITY BANK.

(Circuit Court of Appeals, Sixth Circuit.
April 9, 1926.)

No. 4442.

1. **Judgment ⬤⟞645—In suit in equity against bank by original owners of stolen bonds, wherein record in former action at law on same cause of action was introduced in evidence, testimony of plaintiff's witnesses as to bad reputation of person for whom bank sold bonds was merely cumulative.**

In suit in equity against bank by original owners of stolen bonds, brought after judgment directed for defendants in former action at law on same cause of action was reversed and remanded for new trial, wherein record in former action was introduced in evidence by stipulation, additional testimony of plaintiff's witnesses as to bad reputation of person for whom bank sold bonds, if competent, was merely cumulative.

2. **Bonds ⬤⟞131—Testimony of president of bank held important on issue of bank's good faith and want of notice in sale of stolen bonds by its vice president.**

In suit in equity against bank by original owners of stolen bonds, statement by president of bank that he refused to deal with person for whom vice president sold bonds, and his activities in preventing bank from having any connection whatever with such person because of his bad reputation, *held* material on issue of good faith and want of knowledge or notice by bank, except in so far as vice president's knowledge was knowledge of bank.

3. **Witnesses ⬤⟞317(4)—If part of discredited witness' testimony is corroborated, or is consistent with facts otherwise proved, part of his testimony may be rejected, and part accepted.**

If part of discredited witness' testimony is corroborated by other witnesses whose veracity is unquestioned, or if part of his testimony is consistent with facts otherwise proved and part inconsistent therewith, court or jury may reject part and accept part of his testimony.

4. **Courts ⬤⟞406(1)—Where trial court's direction of verdict for defendant at close of plaintiff's testimony was assigned as error, Circuit Court of Appeals necessarily reviewed sufficiency of evidence to sustain ruling.**

Where trial court's direction of verdict for defendant at close of plaintiff's testimony in former action at law against bank by original owners of stolen bonds was assigned as error, Circuit Court of Appeals necessarily reviewed sufficiency of evidence to sustain ruling, as against contention in subsequent equity suit, wherein record in former action was introduced in evidence, that court had not passed on facts in former action.

Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Suit by Hamilton F. Kean and others against the National City Bank. Decree for defendant, and plaintiffs appeal. Affirmed.

Wm. H. FitzHugh, of Memphis, Tenn. (FitzHugh, Dixon & Osoinach, of Memphis, Tenn., on the brief), for appellants.

A. L. Heiskell and T. K. Riddick, both of Memphis, Tenn. (M. J. Anderson and A. W. Ketchum, both of Memphis, Tenn., on the brief), for appellee.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. This action in equity is based upon the same transactions involved in the law action which was before this court in Kean et al. v. National City Bank, 294 F. 214. In the opinion in that case, the facts and the law are so fully discussed that it is unnecessary to burden the reports by repetition. In that case this court held that the District Court did not err in directing a verdict in reference to the $85,-000 draft and the $54,000 draft, but that the cause should have been submitted to the jury on the $9,202.76 draft drawn by the defendant bank by Huntley, vice president, on H. & B. Beer, New Orleans, bond dealers.

In that case, however, all three of these items were grouped in one count as separate items of damages claimed under one cause of action, and for that reason it was necessary to reverse the entire judgment. No new trial

was had in that law action, but, following the reversal of the judgment in this court, the plaintiffs took a voluntary nonsuit under the Tennessee statutes, and then filed this bill in equity to recover upon all three of the drafts involved in the original action and fully described in the opinion in that case

In the pursuance of a stipulation by counsel, appellants filed the same record before this court in the error proceeding, omitting the testimony of Miss Talley on page 107. This evidence was supplemented by the deposition of W. L. Huntley, Jr.; the cross-examination being offered by the plaintiffs in their testimony in chief and the direct examination being offered by the defendant. The witness Vardaman was called, and testified in relation to matters not covered by his testimony in the prior hearing, and L. Thornton was also called and examined on the part of the plaintiff. By agreement of counsel, the statements of C. W. Thompson and L. W. Hughes were introduced in evidence, instead of taking their deposition, subject only to exceptions for incompetency, irrelevancy, and immateriality. Upon consideration of all the evidence, the trial court entered a decree dismissing the plaintiffs' bill, at their cost, from which decree the plaintiffs appealed.

It is insisted upon the part of the plaintiff that the record now before the court is not the record upon which this court based its opinion in the error proceeding, and that the additional testimony offered upon the trial of this case, and particularly the testimony of W. L. Huntley, Jr., makes out a different case on agency, notice, and bad faith.

[1, 2] The testimony of the witnesses Vardaman and Thornton, if competent for any reason, is merely cumulative. In the absence of knowledge by the defendant as to the transactions to which their testimony relates, it could possibly have no further effect than reflecting, in so far as it does reflect, upon the bad reputation of Nolen in that locality, and the probability that the defendant bank knew of this reputation. But Mr. Thompson, the president of the bank, practically admits he knew Nolen's reputation, and for that reason he refused to have any transactions with him in reference to these bonds, and so notified Mr. Huntley, immediately upon Huntley's return to the bank. In fact, it further appears by Mr. Thompson's statement that he had such a poor opinion of Nolen that, when Myers, of Joseph-Meyers, Inc., asked him in reference to a big bond transaction at the National City Bank, he imme-

diately asked Huntley if he had handled any bonds with Joseph, and asked him if these bonds belonged to Nolen, and Huntley told him that they did not. For this reason, evidence as to Nolen's reputation is wholly superfluous. The statement of Mr. Thompson, however, of his refusal to deal with Nolen, and his activities in preventing the defendant bank from having any connection whatever with Nolen, is important in proving good faith, and want of knowledge or notice upon the part of the bank, except in so far as the knowledge of Huntley may be considered the knowledge of the bank.

[3] The principal contention, however, of the appellants, is in reference to the testimony of Huntley, and in that connection it is insisted that the court should accept a part of his evidence and reject other parts. If part of the testimony given by a discredited witness is corroborated by other witnesses, whose veracity is unquestioned, or if part of his testimony is consistent with facts otherwise proven and part inconsistent therewith, a court or jury may reject part and accept part of the testimony given by such witness. In this case there does not appear from the record to be any reason why any particular part of Huntley's testimony should be rejected that would not equally require the rejection of all of it. If all of Huntley's evidence is to be accepted, then the case for the bank is much stronger than presented by the original record. If all of his testimony is rejected, then this record is substantially the same.

Counsel for appellants call our attention to the fact that, when Mr. Thompson asked Huntley if the bonds sold through Joseph-Myers, Inc., belonged to Nolen, Huntley did not tell him that only a week previous the bank had purchased a draft from Nolen for $85,000, which Huntley had ascertained on the following day was for the sale of $100,000 of Liberty bonds through A. K. Tigrett & Co. If Huntley did not know, until the day after this draft was cashed by the bank, that it was given to Nolen for the purchase price of bonds, then it can hardly be said that even Huntley, much less the bank, had such knowledge as would taint the transaction. However that may be, his failure to inform Mr. Thompson of this transaction after he acquired knowledge of how Nolen obtained the draft is in line with the claim of the defendant that, by reason of Huntley's personal interest in the transactions, no presumption obtains that he did communicate such knowledge to the bank.

[4] It is further suggested by counsel for

appellants that this court was not called upon in the error proceeding to pass upon the facts. The trial court in that case directed a verdict for the defendant at the close of plaintiffs' testimony, and that ruling was assigned as error. In the determination of that question it was necessary for the court to examine all of the evidence offered by the plaintiff, and upon such examination it reached the conclusion that there was no evidence offered which, if believed by the jury, would sustain a verdict upon either of the two large drafts, but that there was sufficient evidence to require the issue to be submitted to the jury upon the smaller draft of $9,202.-76 on H. & B. Beer. In this equity case, the court determined the facts upon all of the issues presented by the evidence, including the right of the plaintiff to recover on this small draft upon H. & B. Beer, of New Orleans.

Upon a consideration of all the evidence, this court has reached the conclusion that the findings of fact made by the District Court, that must necessarily be implied from the decree entered in this cause, are fully sustained by the evidence. In view of the conclusion this court has reached in reference to the effect of this additional testimony, it is unnecessary to add anything to what has been said in its former opinion. We have carefully reviewed and considered that opinion in all its phases, and are still content therewith.

The decree is affirmed.