Thomas R. TENPENNY and Lewis Milburn Bandy, Appellants,

v.

UNITED STATES of America, Appellee.

No. 14099.

United States Court of Appeals
Sixth Circuit.

Dec. 28, 1960.

Z. T. Osborn, Jr., Nashville, Tenn., for appellant.

John F. Dugger, Knoxville, Tenn. (John C. Crawford, Jr., U. S. Atty., John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellants Thomas R. Tenpenny and Lewis Milburn Bandy were convicted by a jury of participation in a conspiracy to violate the Internal Revenue Code relating to the manufacture, sale, possession, transportation and distribution of whiskey upon which internal revenue taxes had not been paid. A co-defendant, James Albert Coppinger, had entered a plea of guilty to the same indictment, and was a government witness on the trial. Appellants here charge they should have been acquitted by direction of the district judge and assign other errors as ground for a new trial.

As to appellant Bandy, we hold that there was ample evidence to support his conviction and no purpose would be served by review of that evidence.

The activities which were the background to the indictment began in November, 1956, when appellant Tenpenny took one Hooper to a farm in Wilson County, Tennessee, and thereupon said Hooper leased this farm for a rental of $300.00, which was paid with money loaned to him by appellant Tenpenny. Immediately thereafter, Hooper and appellant Bandy proceeded to set up and operate two stills on said premises. Witnesses for the Government gave testimony of various overt acts by various defendants, which the Government relied upon for its proof of the charged conspiracy.

Appellant Tenpenny's principal ground for his claim that a verdict of acquittal should have been directed as to him arises from the following circumstances. The Government called as a witness co-defendant Coppinger, who had pleaded guilty to the indictment. This witness gave ex-

tensive testimony which, if true, proved that a man by the name of Thomas R. Tenpenny was the chief actor, and the director, of the illegal enterprise involved. However, toward the close of Coppinger's cross-examination, he asserted that the Thomas R. Tenpenny who was the subject of much of his testimony was not the defendant Thomas R. Tenpenny then sitting in the courtroom—that the defendant Tenpenny was, "not the Tenpenny I went fooling around with." Notwithstanding this testimony, Coppinger, when first questioned on direct examination, was asked these questions and gave these answers:

"Q. Do you know this defendant Tenpenny? A. Yes, sir.

"Q. Thomas R. Tenpenny? A. Yes, sir."

He then went on to relate the time and place of meeting this Tenpenny in 1956, and told of Tenpenny's coming to his home and proposing that Coppinger go to work for him hauling whiskey. This was followed by extensive description of his association in the whiskey business with Tenpenny. He did this without amending his initial identification of, "this defendant Tenpenny—Thomas R. Tenpenny" as the man who persuaded him to join him in the whiskey enterprise which, as described in the indictment, extended over a period from the fall of 1956 to the late summer of 1958.

In overruling Tenpenny's motion for direction of acquittal, the district judge stated that it would be for the jury to decide whether to believe Coppinger's final assertion that the defendant Tenpenny was "not the Tenpenny I went fooling around with." There was evidence by other witnesses identifying defendant Tenpenny as being present at various times and places when the said Coppinger, "went fooling around," in the moonshine business.

■■ The credibility of the witnesses, the weight of the evidence and the legitimate inferences to be drawn therefrom were matters for the jury's determination. Battjes v. United States, 6

Cir., 1949, 172 F.2d 1, 5; Henderson v. United States, 6 Cir., 1953, 202 F.2d 400, 403. The jury had a right to disbelieve Coppinger's final exculpation of Tenpenny and to accept as truth his first testimony which connected defendant Tenpenny with Coppinger's moonshining operations. Kean v. National City Bank, 6 Cir., 1926, 12 F.2d 203, 204; Shelton v. United States, 1948, 83 U.S.App.D.C. 257, 169 F.2d 665; Norfolk & Western Ry. Co. v. McKenzie, 6 Cir., 1941, 116 F.2d 632, 635. The testimony of other witnesses corroborated Coppinger's original inclusion of the appellant Tenpenny in the activities constituting overt acts covered by the indictment.

Other errors are assigned by appellants. We have considered them and find them without merit. The judgments of conviction are affirmed.